

**ORDERED in the Southern District of Florida on July 22, 2014.**

John K. Olson, Judge
United States Bankruptcy Court

---

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

In re:   David L. Fried ,                                                   Case No: 14-16733-JKO

Debtor.                                                                            Chapter 13

_____/

### ORDER SUSTATINING IN PART OBJECTION TO
### DEBTOR'S MOTION [ECF 15] TO VALUE

This matter came before the Court on the Debtor's Motion [ECF 15] to Value and Determine Secured Status of Lien on Real Property (the "Motion to Value") and the Objection [ECF 22] to this Motion to Value filed by Ramblewood East Condominium Association, Inc. (the "Objection"). The Court has reviewed the Motion to Value, the Objection, along with the Response [ECF 25] in support of the Motion to Value and the Reply [ECF 26] in support of the Objection. The issues before the court are: (a) whether a condominium association's lien may be "stripped" through a motion to value; and if the lien may be stripped (b) whether subsequent owner(s) of the underlying property remain liable for the stripped amounts, to the extent set forth

pursuant to Fla. Stat. § 718.116. For the reasons set forth herein, the Objection is sustained in-part and the Motion to Value is granted in-part.

*Factual and Procedural Background*

The Debtor, David L. Fried (the "Debtor") is the owner of a condominium located in Coral Springs, Florida (the "Condo"). At the time the Debtor filed bankruptcy, the Condo was encumbered by a first mortgage and recorded claim of lien filed by Ramblewood East Condominium Association, Inc. (the "Association"). This pre-petition interest has since been memorialized through the Association's timely filed Proof of Claim No. 4, in the amount of $22,694.60. There is no dispute that the Condo is subject to the recorded declaration of condominium for the Association (the "Declaration").[1] Nor is there any dispute that the Association, and its rights with respect to the Condo, are governed by Florida Statute 718.[2]

The Motion to Value asserts that there is no equity in the Condo exceeding the amount due to the holder of the first mortgage and, therefore, the Association's lien may be stripped off. The Association does not dispute the Debtor's claim that the amount due to the holder of the first mortgage exceeds the value of the Condo; however, the Association argues that its lien is entitled to special treatment under Florida law and therefore cannot be stripped. The Association also asserts that, even if the Debtor can strip off the Association's lien, nothing in the resulting order on the Motion to Value can impact the Association's right to collect the underlying debt from subsequent owner(s), to the extent such amounts are otherwise collectible pursuant to Florida Statute sections 718.116 or 720.3085.

---

[1] Declaration of Condominium for the Association, as amended, recorded January 2, 1974, public records of Broward County, Florida.
[2] Even if the rights of the Association were governed by Chapter 720 of Florida Statutes, it does not affect this Court's analysis, because the provisions of the two statutes governing this decision are almost identical. For ease of comparison, the Court will generally reference sections from Florida Chapter 718 ("Condominium Act"), which are effectively mirrored in Florida Chapter 720 ("HOA Act").

*Analysis*

"Condominiums and the forms of ownership interest therein are strictly creatures of statute. In Florida, Chapter 718, Florida Statutes, known as Florida's 'Condominium Act,' gives statutory recognition to the condominium form of ownership of real property and establishes a detailed scheme for the creation, sale and operation of condominiums." *Woodside Villiage Condominium Ass'n, Inc. v. Jahren*, 806 So.2d 452, 455 (Fla. 2002) (internal citations omitted). Included amongst this detailed scheme are "increased controls and limitations upon the rights of unit owners to transfer their property [as] necessary concomitants of condominium living." *Aquarian Foundation, Inc. v. Sholom House, Inc.*, 448 So.2d 1166, 1167 (Fla. 3d DCA 1984) (internal citations omitted). These controls and limitations included the following legal rights recently discussed in an opinion by Bankruptcy Judge Isicoff:

> Living in a condominium or in an organized development subject of a homeowners' association has its benefits and its burdens. The benefits of communal living – security, amenities, common areas, and the collective maintenance of amenities and common areas – have an attendant cost. These costs are assessed – monthly or quarterly or sometimes annually – by associations set up to administer the amenities, common areas, security, and maintenance. The associations are governed by statute, as well as documents (usually called declarations) that are recorded in the public records. Included in these statutes and declarations are the provisions that set forth the obligations of the homeowners regarding payment of these assessments as well as the rights of the associations if these assessments are unpaid.

*In re Sain*, No. 13-13325-BKC-LMI, 2013 WL 5852496, *3 (Bankr. S.D. Fla. October 30, 2013) (J. Isicoff).

### a. Assessments and Liens in General

Any owner of a property in a condominium or homeowners association is liable for all assessments that come due while the owner of the property.[3] Per Florida Statutes, that liability is secured by a lien on the property, which lien may relate back to the date the original declaration

---

[3] *See* Fla. Stat. §§ 718.116(1)(a); §§ 720.3085(2)(a).

was recorded.[4] However, the ability to foreclose on that lien requires compliance with certain procedural hurdles.[5]

In addition to being responsible for all assessments that come due *while* the owner of the property, an owner is also jointly and severally liable for assessments that accrued *prior* to becoming the legal owner of a property. This joint and several liability is set forth in Fla. Stat. § 718.116(1), which states in pertinent part as follows:

> (1)(a)  A unit owner, regardless of how his or her title has been acquired, including by purchase at a foreclosure sale or by deed in lieu of foreclosure, is liable for all assessments which come due while he or she is the unit owner. Additionally, a unit owner is jointly and severally liable with the previous owner for all unpaid assessments that came due up to the time of transfer of title. This liability is without prejudice to any right the owner may have to recover from the previous owner the amounts paid by the owner.
>
> (b)1.  The liability of a first mortgagee or its successor or assignees who acquire title to a unit by foreclosure or by deed in lieu of foreclosure for the unpaid assessments that became due before the mortgagee's acquisition of title is limited to the lesser of:
>
>> a.  The unit's unpaid common expenses and regular periodic assessments which accrued or came due during the 12 months immediately preceding the acquisition of title and for which payment in full has not been received by the association; or
>>
>> b.  One percent of the original mortgage debt. The provisions of this paragraph apply only if the first mortgagee joined the association as a defendant in the foreclosure action. Joinder of the association is not required if, on the date the complaint is filed, the association was dissolved or did not maintain an office or agent for service of process at a location which was known to or reasonably discoverable by the mortgagee.

---

[4] *See* Fla. Stat. §§ 718.116(5)(a); §§ 720.3085(1).
[5] *See generally* Fla. Stat. § 718.116; § 720.3085.

b. **Florida Law Creates Special Lien Rights in Favor of Condominium and Homeowners Associations**

The United States Supreme Court has made clear that "Congress has 'left the determination of property rights in the assets of a bankrupt's estate to state law,' since such '[p]roperty interests are created and defined by state law." *Nobleman v. American Savings Bank, et al.*, 508 U.S. 324, 329 (1993) (internal citations omitted). As discussed by Bankruptcy Judge Cristol, "Florida Statute 718.116 provides condominium associations special treatment, to some extent, for association liens . . ." *In re Gonzalez*, No. 07-14968-BKC-AJC, 2010 WL 1571172, *3 (Bankr. S.D. Fla. April 20, 2010) (J. Cristol). This is because, wholly distinct from an underwater second mortgage, Florida law provides that a condominium association's lien rights cannot be foreclosed out by first mortgage. *Id.* (associations may collect to the extent provided pursuant to Fla. Stat. § 718.116 ". . . even if the first mortgagee becomes the owner of the subject property and even if there is no equity in the property whatsoever.").

Pursuant to Fla. Stat. § 718.116(5)(a), a condominium association's lien is subordinate to first mortgagees of record, unless the association's claim of lien was recorded prior to the recording of the mortgage. Here, the parties agree that the first mortgage was recorded prior to the Association's claim of lien. Therefore, "condominium assessment liens squarely fall within the Bankruptcy Code's definition of liens and are subject to the application of Bankruptcy Code section 506." *In re Plummer*, No. 12-03870-MGW, 484 B.R. 882, 890 (Bankr. M.D. Fla. January 14, 2013) (J. Williamson). Notwithstanding, "consistent with Judge Cristol's well-reasoned opinion in *Gonzales*, nothing in this opinion or in the order stripping the Association's lien will affect the right of the Association to be paid amounts provided for under section 718.116(1) [sic.] . . . ." *Id.*

Therefore, the Association's lien rights must be preserved to the extent provided by Fla. Stat. § 718.116(1), including joint and several *in personam* and *in rem* liability against all subsequent owner(s) of the Condo for unpaid assessments and associated charges[6] of the prior owner(s). *In re Sain*, 2013 WL 5852496, *3 (Bankr. S.D. Fla. 2013). "To do otherwise would unfairly provide . . . a non-debtor the benefit of the Bankruptcy Code's avoidance powers." *In re Gonzalez*, 2010 WL 1571172, *3 (Bankr. S.D. Fla. 2010).

*Conclusion*

The Bankruptcy Code provides a deserving debtor with a fresh start. But that fresh start is personal to the debtor. As the Bankruptcy Code so plainly states, "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt."[7] The Debtor's right to strip a lien off their Condo and discharge their debts cannot compromise the rights of creditors against subsequent owner(s), or the property of subsequent owner(s).

Consequently, the Objection is sustained in-part and overruled in-part. The Objection is overruled to the extent it seeks to preserve the Association seeking to collect the underlying debt from the Debtor. However, the Objection is sustained to the extent it seeks to preserve the Association's rights to collect the underlying debt from subsequent owner(s) of the Property. Therefore, the Motion to Value is granted in-part and denied in-part.

Accordingly, for the limited purpose of this bankruptcy case, the Association's entire Proof of Claim No. 4 is hereby reclassified as a general unsecured claim and the Trustee is directed to distribute payments to the Association accordingly. The Trustee is further directed,

---

[6] Pursuant to Fla. Stat. §§ 718.116(5)(b), an association's lien for unpaid assessments encompasses related charges such as "interest, and all reasonable costs and attorney's fees incurred by the association incident to the collection process."
[7] 11 U.S.C. § 524(e).

pursuant to the proposed plan, to distribute payment(s) to the Association for all post-petition maintenance assessments, which shall continue to be treated as a post-petition secured debt, entirely unaffected by this order. Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED as follows:

A. The Motion to Value is granted to the extent the Association may not seek to collect the underlying debt from Debtor during the pendency of this bankruptcy case[8], or following discharge of this bankruptcy case;

B. The Motion to Value is denied to the extent the Association's right to collect the underlying debt shall remain fully preserved with respect to the joint and several liability of subsequent owner(s) of the Condo, as established pursuant Fla. Stat. § 718.116; and

C. Any other relief this Court deems just and proper.

#    #    #

Prepared and submitted by:

Michael R. Kassower, Esq.
FRANK WEINBERG & BLACK, P.L.
*Attorneys for Ramblewood East Condominium Association, Inc.*
7805 SW 6th Court
Plantation, Florida 33324
Telephone: (954) 474-8000
Facimile: (954) 474-9850
E-mail: MKassower@fwblaw.net

Copies to: Michael R. Kassower, Esq., who shall serve copies of this Order and file a certificate of service with the Court.

---

[8] Nothing contained in this order shall be construed as impacting the Association's right to payment as a reclassified general unsecured creditor, as a result of this court's order partially granting Debtor's Motion to Value.